# In The
# United States Court Of Appeals
# For The Sixth Circuit

---

## CASE NO: 13-3987

---

# UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

# DEONDRAY ONEAL BRADLEY,

*Defendant-Appellant.*

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## AT AKRON

---

## BRIEF OF THE APPELLANT
## ORAL ARGUMENT REQUESTED

---

**Murray Kamionski**
**ATTORNEY AT LAW**
**1334 Parkview Avenue**
**Suite 100**
**Manhatten Beach, CA 90026**

**818-609-1795**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF CONTENTS ...........................................................................i

TABLE OF AUTHORITIES ................................................................. ii

STATEMENT IN SUPPORT OF ORAL ARGUMENT ...........................................iv

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION .......1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ......................................2

STATEMENT OF THE CASE  ...........................................................3

STATEMENT OF THE FACTS ................................................................5

SUMMARY OF ARGUMENT ................................................................9

LAW AND ARGUMENT ......................................................................10

    I.    THE    TRIAL    COURT    INCORRECTY    SENTENCED APPELLANT AS A "CAREER OFFENDER," WHICH IMPROPERLY ADDED AT LEAST 5 YEARS TO HIS SENTENCE. .................................10

        A.    Standard of Review ................................................................10

        B.    Legal Argument ......................................................................10

    II.    APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ..............................................................................13

CONCLUSION AND RELIEF SOUGHT .............................................17

CERTIFICATE OF SERVICE ................................................................18

Addendum:  Designated Relevant District Court Documents

i

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES:</u>

Martin v. Rose,
744 F.2d 1245 (6th Cir. 1984)...................................................................13

Stinson v. United States,
508 U.S. 36 (1993) ...................................................................................11

Strickland v. Washington,
466 U.S. 668 (1984) ...........................................................................13, 14

United States v. Butler,
207 F.3d 839 (6th Cir. 2000)....................................................................11

United States v. Casarez-Bravo,
181 F.3d 1074 (9th Cir. 2002)..................................................................12

United States v. Hall,
200 F.3d 962 (6th Cir. 2000).....................................................................13

United States v. Kissick,
69 F.3d 1048 (10th Cir.1995)..............................................................14, 15

United States v. Neal,
27 F.3d 90  (4th Cir. 1994)........................................................................12

United States v Sanchez,
928 F2d 1450 (6th Cir. 1991)....................................................................10

United States v Smith,
981 F2d 887 (6th Cir. 1992).....................................................................10

Workman v. Tate,
957 F.2d 1339 (6thCir.1992).....................................................................13

## <u>STATUTES</u>

18 U.S.C. § 1512(b)(1) ................................................................................5

18 U.S.C. § 3231 ........................................................................................1

18 U.S.C. § 3742 ........................................................................................1

18 U.S.C. § 3742(a)(2) ..............................................................................11

18 U.S.C. § 3742(f)(1) ..............................................................................11

21 U.S.C. § 841(a)(1) ..................................................................................5

21 U.S.C. § 841 (b)(1) .................................................................................5

28 U.S.C. § 1291 ........................................................................................1

## <u>RULES AND GUIDELINES</u>

2013 Sentencing Guidelines Manual – Chapter5 ...................................4, 8

U.S.S.G. §  2D1.1(c) (9) ..............................................................................4

U.S.S.G. § 4B 1.1 ...........................................................................4, 8, 10, 12

U.S.S.G. § 4B 1.2(b) ..................................................................................11

U.S.S.G. § 4B1.1(3) ...............................................................................10, 11

## <u>STATEMENT IN SUPPORT OF ORAL ARGUMENT</u>

Pursuant to Rule 9(b) of the Local Rules of the Sixth Circuit, Appellant respectfully requests oral argument in the belief that the Court's consideration of the issues in this matter will be assisted and advanced by the opportunity of the parties to appear before the Court, to make appropriate comments, and to respond to the Court's questions and remarks.

## <u>STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION</u>

The District Court had jurisdiction over the original case, pursuant to 18 U.S.C. 3231, in that the Appellant was charged with an offense against the laws of the United States. This appeal is from a final order of the United States District Court for the Northern District of Ohio (Akron), which imposed a criminal sentence on August 12, 2013  (R.197, Tr. 8/12/2013; Page ID# 1150); and subsequently entered a written judgment consistent therewith on August 15, 2013. (R.169, Judgment; Page ID#s 1045-1051)

Appellant's Notice of Appeal was filed on August 22, 2013, with the United States District Court. (R.173, Notice of Appeal; Page ID# 1072).

This Court has jurisdiction over the direct appeal of a criminal sentence, pursuant to 18 U.S.C. 3742 and 28 U.S.C. 1291.

## <u>STATEMENT OF ISSUES PRESENTED FOR REVIEW</u>

1. Was it clearly erroneous for the district court to sentence Appellant to 120 days pursuant to a binding plea, the same as if Appellant was sentenced as a career offender?

2. Was Appellant subjected to a sentence that was nearly double due to the fact that without the binding plea he would have been sentenced under a guideline range of 63-78 months?

3. Did Appellant receive ineffective assistance of counsel by his attorney advising him to plead guilty to a binding plea as if he was a career offender, making the binding plea unreasonable?

## <u>STATEMENT OF THE CASE</u>

On April 11, 2012, a four count indictment was filed in the United States District Court for the Northern District of Ohio. (R.79, Indictment; Page ID# Page ID#s 487-500) The indictment charged Defendant-Appellant Deondray O'Neal Bradley (hereafter "Appellant") along with two other individuals, with having violated federal drug laws involving heroin . Each of the counts (other than count number 4), arose from the same occurrence on February 9, 2011, in the Northern District of Ohio. (R.79, Indictment; Page ID# Page ID#s 487-500).

Pursuant to a Plea Agreement entered into with the Government, Appellant Bradley appeared in court with counsel on May 3, 2013, and pleaded guilty under Count 1 of the Indictment charging possession with the intent to distribute Heroin , and Count 4 of the  Indictment charging conspiracy to obstruct justice and influence a witness. The penalty for count 1 carries a maximum term of imprisonment of up to 20 and/or a $1 million dollar fine, minimum three years of supervised release and a special assessment of $100. The penalty for count 4 carries a maximum penalty of up to five years, statutory fine of $250,000 in addition, and three years of supervised release, as well as another $100 special assessment. (R.144, Tr. 5/3/2013. Page ID# 726; R.154, Plea Agreement; Page ID#s 876-893).

Pursuant to the Plea Agreement, counts II and III were dismissed.

3

A sentence hearing was held on August 12, 2013. (R.197, Tr. 8/12/2013; Page ID# 1139-1161).  No PSI Report was made part of the record. (Criminal Docket  for Case #: 5:11-Cr-00084-DDD-1.)

Pursuant to the Plea Agreement, Appellant's count 1 base offense level is 22 pursuant to U.S.S. G. §   2D1.1(c) (9). At the sentencing hearing, the judge determined Appellant's criminal history score to be a category IV. (R.197, Tr. 8/12/2013; Page ID# 1154)

A criminal history category IV with a base offense level of 22 would yield a sentence in the 64-78 month range. (2013 Sentencing Guidelines Manual – Chapter5.) Appellant was sentenced to 120 months , which would place him in a Category VI criminal history and an offense level of 24 or 25.

However, the Sentencing Court found Appellant to be a Career Offender under the advisory sentencing guidelines, U.S.S.G. § 4B 1.1; Therefore, Appellant's Criminal History automatically jumped to Category VI under the applicable guideline.

Thus, but for the Career Offender category, Appellant would have been in Criminal History Category IV, not VI, and his adjusted offense level under the advisory guidelines would have been no higher than 22.

In other words, Appellant was sentenced to an additional 5 years based upon the court determination of him being a career offender.

## STATEMENT OF THE FACTS

Appellant pled guilty to Count 1, Conspiracy to Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), and Count 4, Conspiracy to Obstruct Justice/Tamper with a Witness, in violation of 18 U.S.C. § 1512(b)(1). (R.160, Sentencing Memorandum; Page ID# 929)

Appellant was born on August 2, 1979, in Detroit, Michigan to CarrieBradley and William Brentley. (Id.) Appellant's mother was only eighteen years old when he was born and a habitual abuser of crack cocaine. (Id.) Appellant's parents never married nor resided together, and, as a result, Appellant never had any relationship with his father, in fact not meeting his father until the age of fourteen. (Id.) Due to his mother's drug addiction and father's absence, Appellant had little in the way of parental care or guidance during much of his youth. (Id.) Indeed, in his early teens, Appellant and his siblings were removed from his mother's custody by children's' services and placed in foster care for approximately two years until his mother reestablished custody. (Id at Page ID# 930)

Around the age of fourteen, Appellant moved out of his mother's home and began living in Detroit on his own. (Id.) As an unemployed teen living on his own, Mr. Bradley soon became involved with individuals who showed him a way to make quick and easy money selling drugs. (Id.) Having known only poverty and hardship his entire life, it took little enticement for Appellant to become heavily involved in drug

activity which, although illegal, provided him with financial stability he had never before experienced. (Id.)

Sentencing occurred on August 12, 2013. (R.197, Tr. 8/12/2013; Page ID#s 1139-1161). Appellant's attorney voiced no objection that Appellant's sentence took into account a career offender status.   (Id. at Page ID# 1145)

Appellant then spoke at sentencing, apologizing and accepting responsibility for his actions:

> " I would like to take a few minutes of the court's time to apologize for my behavior and my bad choices in life. I grew up in Detroit where it was kind of hard and rough. My mother was legally blind, and I had ten brothers and sisters and two of them had physical ailments. One of them had Lupus, a blood disease. My other sister had Microfibrosis, a muscle disease. And I kind of had to help them, Your Honor. It wasn't no way around it. (Id. at Page ID#s 1146-1147)

> And one of the worst things I think the bad choices I made was going back into the field I grew up in, you know. It just wasn't too much that I could do. I tried to work. My PO, he can tell you I submitted paycheck stubs, but every time I got a job, due to my record they would hire me, but they'll say it's only seasonal once it gets time to hire me in. So I didn't have too much work to do, you know. (Id.)

> And to me --- I don't know, I'm a little nervous, but to me, being a man, one of the biggest things in life was being a failure and not being able  to help my family, you know.

> My family—it was a lot of us. My mother had ten kids, and she was legally blind and she was on drugs, you know, through my whole childhood, and we were kind of messed up coming up down there. So I picked up on what I saw and what I knew. I know now through this, I really kind of became a man, because I know no matter what situations or what you going through in life, you just got to make the

6

right decisions,,,, the right choices because the wrong one s could lead you in here..

And I understand that and now through my incarceration for this long time, I really had nobody thee for me so I picked up the bible and I've been reading that. I done read that cover to cover three times. (Id. at Page ID# 1148)

It basically taught me something I never knew. It taught me how to live, you know, taught me the way I should have been living and the way that G-d wanted me to live. It kind of changed me, because I don't really want to go back to being like that again. I've never saw it like that, but now I kind of know the way I should have been living, you know, and the stuff I was doing just wasn't right. I wasn't going to never prosper doing wrong.

So I figured it out and I just want to say I am sorry and I am sorry for bringing the people in on this case, that my codefendants that really didn't deserve it. They got pulled in due to me trying to not take responsibility for my own actions. And I just truly sorry about that, and I just want to tell the court I am remorseful. And I just ask for mercy on the court, Your Honor. (Id at Page ID#s 1148-1149)

The court imposed its sentence noting the criminal history category to be VI. The court then imposed its sentence of 120 months for Count 1 and 120 months for Count 4, with those terms to be served concurrently. Additionally, Appellant was sentenced to a period of supervised release  for a period of three years for each of the two counts , with those terms to be served concurrently as well. (Id at Page ID# 1150)

When it imposed its sentence the court seemed top be *confused* as to what the offense level and criminal history level should be. The court said:

7

"I think the offense level ---- well, there's a dispute as to whether it's 25 0r 32. And I think the criminal history category is VI, if I recall. No, it's not that. The total criminal history score is 7, so it would be IV." (R.197, Tr. 8/12/2013; Page ID# 1154)

A criminal history category IV with a base offense level of 22 would yield a sentence in the 64-78 month range. (2013 Sentencing Guidelines Manual – Chapter5.) Appellant was sentenced to 120 months, which would place him in a Category VI criminal history and an offense level of 24 or 25.

However, the Sentencing Court found Appellant to be a Career Offender under the advisory sentencing guidelines, U.S.S.G. § 4B 1.1. The judge said when imposing sentence : " ….obviously if I followed the guidelines, the [sentence] would be much greater. " (Id.)

Here, Appellant's alleged criminal history automatically jumped him to a to a Category VI . Even if Appellant's base level would have remained no greater than 25 (see R.154, Plea Agreement; Page ID# 881), to generate  120 month sentence would have **required**  the Court to place Appellant in a Category VI , which is a career offender category. (See Sentencing Table  p. 2 .)

8

## SUMMARY OF ARGUMENT

Appellant's sentence was based on the trial court's **erroneous** determination that his criminal history qualified him as a "career offender" under the Sentencing Guidelines. A "career offender" determination requires two prior "controlled substance offenses, " and Appellant had only one such offense (See R.154, Plea Agreement; Page ID#s 876-893) Due to this error,  Appellant was sentenced to 57 months more than the maximum that would other wise have been recommended. This error requires remand for re-sentencing.

Appellant was denied effective assistance of counsel . His former attorney was ineffective for allowing Appellant to plead guilty to a binding plea, which clearly classified Appellant as a "career offender." His former attorney admitted as such at the sentencing hearing :

"The incident he's referring to allegedly took place in August of 2002. That conduct  was – the allegation  that Appellant, along with another defendant  went into a home, the police went into that home  and they found less than 50 grams of cocaine, and that's what would potentially career him." (R.197, Tr. 8/12/2013; Page ID# 1144).

## LAW AND ARGUMENT

**I.  THE TRIAL COURT INCORRECTLY SENTENCED APPELLANT AS A "CAREER OFFENDER," WHICH IMPROPERLY ADDEDD AT LEAST 5 YEARS TO HIS SENTENCE**

### A. Standard of Review

Whether a particular application of a guideline is correct "turns primarily on the legal interpretation of the guidelines and this is reviewed de novo." United States v Smith, 981 F2d 887, 893 (6th Cir. 1992) (citing United States v Sanchez, 928 F2d 1450, 1458 (6th Cir. 1991)).

### B. Legal Argument

Much of Appellant's lengthy sentence is attributable to the trial court's erroneous determination that Appellant  was a "career offender" under the Sentencing Guidelines. Section 4B1.1 of the Sentencing Guidelines provides that a defendant is a "career offender" only if, inter alia, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(3). Appellant *did not* have two prior felony convictions of either a crime of violence or a controlled substance offense as defined by the Sentencing Guidelines. Therefore, he could not properly be sentenced as a "career offender."

The trial court based its "career offender" determination on a case that had nothing to do with Appellant. In addition, that case, wherein the government admitted that they could not produce any fingerprints tying Appellant to the

10

alleged crime, never resulted in a conviction as is required under U.S.S.G. § 4B1.1(3).

The Sentencing Guidelines define a "controlled substance offense" as a drug-trafficking offense:

> [t]he term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. U.S.S.G. §4B1.2(b). 1

"In determining whether a particular offense constitutes a controlled substance offense ... under the Guidelines, this Court employs a categorical approach limited to an examination of the fact of conviction and the statutory definition of the predicate offense." United States v. Butler, 207 F.3d 839, 843 (6th Cir. 2000) (quotations omitted).

A defendant may appeal an otherwise final sentence if the sentence "was imposed as a result of an **incorrect application of the sentencing guidelines**." 18 U.S.C. § 3742(a)(2). "Commentary which functions to interpret a guideline or explain how it is to be applied controls, and if failure to follow, or a misreading of, such commentary results in a sentence selected from the wrong guideline range, that sentence would constitute an incorrect application of the sentencing guidelines." Stinson v. United States, 508 U.S. 36, 42-43 (1993) (internal

quotations and citations omitted). "If the court of appeals determines that the sentence imposed as a result of an incorrect application of the sentencing guidelines, the court shall **remand** the case for further sentencing proceedings with such instructions as the court considers appropriate." 18 U.S.C. § 3742(f)(1) (emphasis added).

In keeping with the statute's terms, courts have repeatedly held that remand for re-sentencing is the proper remedy where a district court has made an error regarding a "**career offender**" determination -- even absent an objection in the trial court. See, e.g., United States v. Casarez-Bravo, 181 F.3d 1074, 1078  (9th Cir. 2002) (vacating sentence and remanding for re-sentencing where district court improperly relied on nonqualifying predicate convictions to sentence defendant as a career offender where there was no objection to the career offender determination); United States v. Neal, 27 F.3d 90, 94  (4th Cir. 1994) (reversing district court's finding that defendant's prior conviction qualified as a controlled substance offense and remanding for re-sentencing where there was no  objection to the presentence investigation report). Likewise here, the Court should remand for re-sentencing. [1]

---

[1] The trial court's sentence was based on a misapplication of § 4B 1.1 and is therefore reversible under the Court's *de novo* review. Even if viewed as a "factual determination," that finding is clearly erroneous and reversible error.

## II.  APEPLLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL

This Court analyzes arguments that a defendant was denied his Sixth Amendment right to counsel due to deficient performance under the standard articulated in <u>Strickland v. Washington,</u> 466 U.S. 668 (1984). <u>United States v. Hall,</u> 200 F.3d 962, 965 (6th Cir. 2000) (reversing defendant's drug conspiracy conviction due to defense counsel's conflict of interest). Under <u>Strickland,</u> ineffective assistance of counsel is established when defense counsel's performance was deficient and the deficiency prejudiced the defense, thereby depriving the defendant of a fair trial. <u>Id.</u> Such prejudice exists where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Workman v. Tate,</u> 957 F.2d 1339, 1345 (6th Cir.1992) (reversing defendant's conviction where defense counsel failed to investigate promising witnesses). "A reasonable probability is probability sufficient to undermine confidence in the outcome." Id. "[E]ven deliberate trial tactics may constitute ineffective assistance of counsel if they fall outside the wide range of professionally competent assistance." <u>Martin v. Rose</u>, 744 F.2d 1245, 1249 (6th Cir. 1984) (reversing defendant's conviction where defense counsel did not participate in trial) (quotations omitted). Although, generally, ineffective assistance of counsel claims are brought before the district court, this Court will review for

13

ineffective assistance of counsel where the record is adequately developed to allow the Court to assess the merits of the issue. Hall, 200 F.3d at 965.

Here, Appellant received ineffective assistance of counsel by his attorney advising him to plead guilty to a binding plea as if he was a career offender, making the binding plea unreasonable.

Appellant's trial counsel's failure to raise the erroneous "career offender" determination with the trial court, illustrates the ineffectiveness of counsel during sentencing, which independently warrants remand for re-sentencing. As at least one other court has already ruled in similar circumstances, defense counsel's failure to raise such an error during the sentencing hearing satisfies the standard for demonstrating ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 688 (1984).

As the Tenth Circuit stated in United States v. Kissick, 69 F.3d 1048, a1056, "[a]n attorney's failure to challenge the use of a prior conviction to classify the defendant as a career offender when the prior conviction is facially insufficient to satisfy the definition of a 'controlled substance offense' under U.S.S.G. 4B1.2 ...constitutes deficient performance under Strickland." As the Court in Kissick went on to explain:

> when counsel's constitutionally deficient performance results in the defendant's improper classification as a career offender and when that improper classification results in a significantly greater sentence, the prejudice element of Strickland is satisfied.In conjunction with

constitutionally deficient performance by counsel, such prejudice meets the standard for procedural default.

During the sentencing hearing trial counsel basically admitted that his client should have been correctly classified as a career offender and thereby justified the 120 month sentence absolutely applicable to a "career offender."

> "Judge, I think the way we came to this resolution of 120 months is ......Mr. Bradley [would] have a lot to loose if he was [characterized] as a career offender. (R.197, Tr. 8/12/2013; Page ID# 1145)

As mentioned above, there is **no record** of a fully completed PSR Report. Here, Appellant never completed his PSI and therefore was stripped of that right due to his trial attorney not being present in the meeting, which is a requirement and his neglect to contact the probation officer in regards to the PSR.

By trial counsel <u>not</u> raising the incompleteness of the PSR, trial counsel also failed to raise the material error in the Report about Appellant's alleged prior convictions. As a result, Appellant was erroneously determined by the court to be a "career offender" under the Sentencing Guidelines and received a sentence that was more than double what it should have been. This was a glaring error, particularly where, as here, a very brief examination of the Sentencing Guidelines' "career offender" provision would have revealed that one of the convictions in the Report was facially insufficient to qualify Appellant. This demonstrates in, and of itself, that Appellant was denied effective assistance of counsel during his sentencing hearing. trial. <u>Kissick</u>, 69 F.3d at 1056 (holding that an attorney's

failure to challenge the erroneous use of a prior conviction to classify the defendant as a career offender demonstrates ineffective assistance of counsel).

Trial counsel's performance during  the sentencing and plea bargain hearings was seriously deficient with respect to a most critical aspect of his sentencing ( classification as a career offender), causing him substantial prejudice.

## CONCLUSION AND RELIEF SOUGHT

Appellant received a sentence in violation of his due process rights requiring that his sentence be vacated and remanded for re-sentencing. Appellant's sentence was based on the trial court's **erroneous** determination that his criminal history qualified him as a "career offender" under the Sentencing Guidelines.

Due to this error, Appellant was sentenced to 57 months more than the maximum that would other wise have been recommended. This error requires remand for re-sentencing.

Wherefore, Defendant Appellant Deondray Bradley, for reasons set forth above, respectfully requests that this Honorable Court vacate the judgment of sentence entered below, correct the sentence on review, or remand this matter for re-sentencing based on a determination on appeal that the sentence imposed deprived Appellant of his substantial rights in violation of due process of law.

Respectfully submitted,


s/ Murray Kamionski_____
Murray Kamionski
ATTORNEY AT LAW
1334 Parkview Avenue
Suite 100
Manhatten Beach, CA 90026

818-609-1795

*Counsel for Appellant*

## <u>CERTIFICATE OF SERVICE AND FILING</u>

In compliance with FRAP Rule 25 and L.R. 25 I hereby certify that on this 7th day of April, 2014, I electronically filed with the Clerk's Office of the United States Court of Appeals for the Sixth Circuit this BRIEF OF THE APPELLANT, and further certify that opposing counsel will be notified of this filing through the Notice of Docket Activity generated by this electronic filing.

Respectfully submitted,

s/ <u>Murray Kamionski           </u>
Murray Kamionski
ATTORNEY AT LAW
1334 Parkview Avenue
Suite 100
Manhatten Beach, CA 90026

818-609-1795

*Counsel for Appellant*

<u>COUNSEL SERVED</u>:

Robert E. Bulford
U.S. ATTORNEY'S OFFICE
Two S. Main Street
Suite 208 Federal Building
Akron, OH 44308

330-761-0517

*Counsel for Appellee*

## APPELLANT'S DESIGNATED DISTRICT COURT DOCUMENTS

R.79, Indictment; Page ID# Page ID#s 487-500
R.144, Tr. 5/3/2013. Page ID# 726
R.154, Plea Agreement; Page ID#s 876-893
R.160, Sentencing Memorandum; Page ID#s 929-933
R.169, Judgment; Page ID#s 1045-1051
R.173, Notice of Appeal; Page ID# 1072
R.197, Tr. 8/12/2013; Page ID# 1139-1161